IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID E. WILLIAMS – SMITH, ET AL § § **Plaintiff** § § VS. § § DESIGNERS EDGE, INC. AND HOME § DEPOT, U.S.A., INC. § § **Defendants** § | Civil Action No. 3:10-CV-00590 |

## DEFENDANT DESIGNERS EDGE, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Designers Edge, Inc., (hereinafter referred to as "Defendant"), Defendant herein, and, files their Original Answer to Plaintiffs' First Amended Complaint (hereinafter "the Complaint"), and would respectfully show unto the Court the following:

### I.

### ORIGINAL ANSWER

1. Defendant denies the allegations in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant admits that Designers Edge is a foreign corporation but is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff has restated the preceding factual statements and allegations in this paragraph and Defendant has responded to those allegations above.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendant denies the Home Depot knew of the alleged Work-Light's defects at the time it sold the Work-Light and denies that the Work-Light was defective. Defendant denies Home Depot is liable under TEX. CIV. PRAC. & REM. CODE § 83.003(a)(6)(A). Defendant is without knowledge or information sufficient to form a belief as to the remainder of paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the whether Home Depot exercised substantial control over the content of warnings or instructions on/in the packaging of the Work-Light, through its supplier agreement and packaging review requirements and that Designers Edge was required to submit its packaging and inserts to Home Depot for approval and/or revision by Home Depot prior to final implementation of packaging inserts. Defendant denies the remainder of allegations in paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff has restated the preceding factual statements and allegations in this paragraph and Defendant has responded to those allegations above.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant also requests a JURY TRIAL in this matter.

26. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 26.

## II.

## **AFFIRMATIVE DEFENSES**

2.01 Defendant would show that at the time and on the occasion in question, Plaintiffs failed to exercise that degree of care of an ordinary and prudent person under the same or similar circumstances and that such failure was negligence, which failure proximately caused or contributed to the cause of any injuries or damages sustained by Plaintiffs. Defendant would invoke the Comparative Fault Statute set forth in Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

2.02 Defendant would show that the incident complained of by Plaintiffs was caused by the negligence, carelessness, acts and omissions of third parties over whom Defendant had no control, including but not limited to Plaintiffs' employer, and that said negligence, carelessness, acts and omissions were the sole cause, or alternatively, a proximate cause, or alternatively, a superseding cause of the occurrence in question.

2.03 Defendant invokes the defense of misuse of the product as a proximate cause of all injuries and damages alleged by Plaintiffs.

2.04 Defendant invokes the defense of an intervening or a new or independent cause of all injuries and damages alleged by Plaintiffs.

2.05 Defendant affirmatively alleges that Plaintiffs failed to mitigate their alleged damages.

2.06 Any alleged lack of warnings or insufficiency of warnings is irrelevant as Plaintiffs failed to review and rely on said warnings.

2.07 Defendant affirmatively alleges the product it sold was state-of-the-art.

2.08 Plaintiffs' claims are barred because the conditions that created an environment in which a fire could occur were open, obvious and well known to Plaintiffs at the time of the incident in question.

2.09 Defendant would further show that because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overly broad.

2.10 Plaintiffs' claims for punitive damages are in contravention of Defendant rights under each of the following constitutional provisions:

    a. the Commerce Clause of Article I, Section 8 of the United States Constitution;

    b. the Contracts Clause of Article I, Section 10 of the United States Constitution;

    c. the prohibition against *ex post facto* laws in Article 1, Section 10 of the United States Constitution;

    d. the Supremacy Clause of Article VI of the United States Constitution;

    e. the Free Speech Clause of the First Amendment of the United States Constitution;

    f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    g. the Takings Clause of the Fifth Amendment of the United States Constitution;

    h. the Right to Counsel of the Sixth Amendment of the United States Constitution;

    i. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    j. the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

      k.      the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution as well as the Texas Constitution.

2.11    Defendant invokes the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. *See* TEX. CIV. PRAC. & REM. CODE Ann. §s 41.001 - 41.013 (Vernon 2006).

### III.

### JURY DEMAND

3.01    Defendants hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this suit; that all relief requested by Plaintiff be denied and all of Plaintiff's claims be dismissed with prejudice; and that Defendants be awarded all costs of suit and attorney's fees; Defendants further pray for such other and further relief, both general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By: _____
**MARK J. DYER**
State Bar No. 06317500
**ALAN P. MOORE**
State Bar No. 14320075
Tollway Plaza I
16000 N. Dallas Parkway
Suite 800
214-420-5510
214-420-5501 (fax)

**ATTORNEY FOR DEFENDANT DESIGNERS EDGE, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed electronically in compliance with Local Rules and all other counsel of record who have not consented to such service, if any, will be served a true and correct copy of the foregoing instrument in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 21, 2011.

/s/ Mark J. Dyer
**MARK J. DYER**