IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID E. WILLIAMS-SMITH AND KIMBERLY BONNER, AS NEXT FRIEND OF JA'VONE FRANCIS BONNER AND KE'ANDRE LENARD BONNER, <br><br>and<br><br>ISAAC RAMIREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>DESIGNERS EDGE, INC., HOME DEPOT U.S.A., INC., AND LORD CORPORATION,<br><br>Defendants. | Civil Action No. 3:10-cv-00590<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, David E. Williams-Smith and Kimberly Bonner, as Next Friend of Ja'Vone Francis Bonner and Ke'Andre Lenard Bonner and Isaac Ramirez (collectively "Plaintiffs") file their First Amended Complaint against Designers Edge, Inc. ("Designers Edge"), Home Depot U.S.A., Inc. ("Home Depot"), and LORD Corporation (collectively, "Defendants") as follows:

### I. NATURE OF ACTION

This is a product liability and negligence case. Because of the defective/negligent marketing, design and/or manufacture of Designers Edge's and Home Depot's product, a halogen work-lamp ("the Work-Lamp" or "the product"), David Williams-Smith and Isaac Ramirez were seriously injured when they were burned by a fire at work that was ignited by the Work-Lamp.



PLAINTIFFS' FIRST AMENDED COMPLAINT – Page 1
10007

## II. PARTIES

1. Plaintiff David E. Williams-Smith ("Williams-Smith") is an individual residing in Brazoria County, Texas.

2. Plaintiff Kimberly Bonner, an individual residing in Brazoria County, Texas, is the natural mother of Williams-Smith's two natural minor children, Ja'Vone Francis Bonner ("Ja'Vone") and Ke'Andre Lenard Bonner ("Ke'Andre"), who also reside in Brazoria County, Texas. Because Ja'Vone and Ke'Andre are minors, their mother, Kimberly Bonner, is bringing their claims on their behalf as their Next Friend.

3. Plaintiff Isaac Ramirez ("Ramirez") is an individual residing in Brazoria County, Texas.

4. Designers Edge, Inc. ("Designers Edge") is a Washington corporation that conducts business in the State of Texas. Designers Edge has already entered an appearance herein and therefore service is not necessary at this time.

5. Home Depot U.S.A., Inc. ("Home Depot") is a Delaware Corporation that conducts business in the state of Texas. Home Depot has already entered an appearance herein and therefore no service is necessary at this time.

6. LORD Corporation ("LORD") is a foreign corporation formed in the state of Pennsylvania that conducts business in the State of Texas. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), LORD Corporation can be served with process by serving its agent for service of process, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062-0000.

### III. VENUE AND JURISDICTION

7. A substantial part of the events giving rise to the claim occurred in Brazoria County, Texas. Brazoria County, Texas is within this Judicial District and within the Galveston Division of this Judicial District. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

8. Designers Edge, Home Depot, and LORD are foreign corporations, and all Plaintiffs are citizens of Texas. Therefore, because the amount in controversy exceeds $75,000, this Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).

### IV. FACTUAL BACKGROUND

9. On or about January 28, 2010, a fire erupted in and/or around a tank at Thermal Polymer Systems in Brazoria County, Texas. Upon information and belief, vapors/fumes from a coating designed, manufactured, and/or marketed by LORD ignited, and the ignition source for the fire was the halogen Work-Light, which was designed, manufactured and/or marketed by Designers Edge and Home Depot.

10. The fire severely injured Williams-Smith and Ramirez. Williams-Smith is severely and permanently disfigured and disabled as a result, and Ramirez continues to suffer from the physical/psychological effects of the event.

### V. NEGLIGENCE AND PRODUCTS LIABILITY OF DESIGNERS EDGE AND HOME DEPOT

11. The preceding factual statements and allegations are incorporated by reference as though fully set forth herein.

12. Upon information and belief, the Work-Light was a WorkForce halogen work light manufactured, distributed and/or marketed by Designers Edge and/or Home Depot. The Work-Light was unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use, and was defectively and negligently designed. A safer

alternative design was available that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and such alternative design was economically and technologically feasible at the time the product left the control of these Defendants by the application of the then-existing or reasonably achievable scientific knowledge. For example, stronger lens glass and low-heat bulbs technology were available.

13. Upon information and belief, Home Depot participated in the design of the Work-Light. For example, upon information and belief, pursuant to Home Depot's "Quality Assurance & Audits" procedures, Home Depot imposes certain performance and functional requirements on its Propriety Products and subjects those products to its own "Design Review" before the products are sold. All changes to product design must be submitted to Home Depot for review and approval. Therefore, Home Depot is liable under TEX. CIV. PRAC. & REM. CODE § 83.003(a)(1).

14. Upon information and belief, Home Depot knew of the Work-Light's defects at the time it sold the Work-Light. For example, packaging reviewed and approved by Home Depot on other similar work lights show that Home Depot knew of the potential for 500-watt halogen work lights to cause combustion of "flammable atmospheres." Therefore, Home Depot is liable under TEX. CIV. PRAC. & REM. CODE § 83.003(a)(6)(A).

15. These Defendants failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known, and failed to give adequate instructions to avoid such dangers, which failure(s) rendered their product unreasonably dangerous as marketed. These Defendants knew or should have known of a potential risk of harm presented by the Work-Light but negligently marketed it without adequate warning of the danger or providing proper and adequate instructions for safe use.

The Work-Light possessed a risk of harm that was either inherent in the product or that might arise from the intended or reasonably anticipated use of the product, these Defendants knew or should have reasonably foreseen the risk of harm at the time the product was marketed, the product possessed a marketing defect, the absence of proper warnings and/or instructions rendered the product unreasonably dangerous to the ultimate user of the product, and the failure to properly warn or instruct was a causative nexus in Williams-Smith's and Ramirez's injuries and Plaintiffs' damages.

16. Upon information and belief, Home Depot exercised substantial control over the content of warnings or instructions on/in the packaging of the Work-Light, through its supplier agreement and packaging review requirements. Upon information and belief, Designers Edge was required to submit its packaging and inserts to Home Depot for approval and/or revision by Home Depot prior to final implementation of packaging and inserts. Moreover, upon information and belief, Home Depot imposed certain requirements on its suppliers, including Designers Edge, applicable to warnings and instructions for its Proprietary Brands, which includes Home Depot's WorkForce brand. Upon information and belief, the Home Depot Packaging Manager must approve all packaging that is branded with a Home Depot Proprietary Brand. Any warnings and instructions that accompanied the Work-Light were inadequate, and claimants' harm resulted from the inadequacy of the warnings or instructions. Therefore, Home Depot is liable under TEX. CIV. PRAC. & REM. CODE § 83.003(a)(4).

## VI. NEGLIGENCE AND PRODUCTS LIABILITY OF LORD CORPORATION

17. The preceding factual statements and allegations are incorporated by reference as though fully set forth herein.

18. Defendant Designers Edge filed a Motion for Leave to Designate Responsible Third Parties, seeking to add LORD as a responsible third party. Designers Edge alleged as follows:

> Plaintiffs and Intervenor were using Chemlok 289/290 manufactured by LORD Corporation at the time of the incident. The acts and omissions on the part of LORD Corporation constituted negligence which were a proximate cause of the occurrence in question. LORD Corporation manufactured and sold the Chemlok 289/290 product being used at the time of the accident. Acts and omissions of negligence by LORD Corporation include, but not [sic] are not limited to failing to provide adequate warnings of its Chemlok 289/290 product's dangers and in failing to provide adequate instructions to avoid such dangers. Failure to provide warnings and instructions also comprised a marketing defect in the Chemlok 289/290 products manufactured and sold by LORD Corporation.

19. Therefore, Plaintiffs incorporate the allegations of Designers Edge against LORD. In this regard, to the extent the evidence supports a finding of fault on the part of LORD, or a defect in the LORD product(s) (whether based on the allegations of Designers Edge or otherwise) that proximately caused the injuries in question, Plaintiffs seek recovery of money damages that arise from those injuries against LORD.

## VII.   CAUSATION AND ACTUAL DAMAGES

20. Plaintiffs incorporate all factual allegations made above.

21. The product defects and negligence described herein were a producing/proximate cause of Williams-Smith's and Ramirez's injuries and Plaintiffs' damages.

22. As a result of Defendants' negligent acts and omissions and the product defects described herein, Williams-Smith has suffered and will continue to suffer: medical and healthcare expenses; lost wages/lost earning capacity; pain and suffering; mental anguish; physical impairment; loss of enjoyment of life and disfigurement.

23. As a result of Defendants' negligent acts and omissions and the product defects described herein, and the injury to their father resulting therefrom, Ja'Vone Francis Bonner and Ke'Andre Lenard Bonner have suffered and will continue to suffer the loss of parental consortium in the past and future arising from their father's injuries, including the loss of positive benefits flowing from Williams-Smith's love, affection protection, emotional support, services, companionship, care and society.

24. As a result of Defendants' negligent acts and omissions and the product defects described herein, Ramirez has suffered and will continue to suffer: medical and healthcare expenses; lost wages/lost earning capacity; pain and suffering; mental anguish; physical impairment; loss of enjoyment of life and disfigurement.

25. Defendants are liable for compensatory damages arising from their negligence and product defects.

## VIII. GROSS NEGLIGENCE

26. Each of the above listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Defendants were grossly negligent for which they are liable for exemplary damages.

## IX. ALTERNATIVE PLEADINGS

27. To the extent facts and/or causes of actions pled in this First Amended Complaint are in conflict, they are pled in the alternative.

### X. JURY DEMAND

28. Plaintiffs respectfully demand a jury trial.

### XI. PRAYER

29. Plaintiffs request that Defendants be cited to appear, and that Plaintiffs have judgment against Defendants for:

> i. damages as set forth above in an amount in excess of the minimum jurisdictional amount of this Court;
>
> ii. pre-judgment interest at the maximum rate allowed by law;
>
> iii. post-judgment interest at the maximum rate allowed by law;
>
> iv. punitive/exemplary damages;
>
> v. all costs of court; and
>
> vi. such other and further relief, both general and special, at law and in equity to which Plaintiffs may show themselves justly entitled to receive.

Dated: May 31, 2011
Houston, Texas

> Respectfully submitted,
>
> By: /s/ Rhonda H. Wills
> Rhonda H. Wills
> ATTORNEY-IN-CHARGE
> State Bar No. 00791943
> S.D. Id. No. 20699
> WILLS LAW FIRM
> 1776 Yorktown, Suite 600
> Houston, Texas 77056
> Telephone: (713) 528-4455
> Facsimile: (713) 528-2047

/s/ John M. Padilla
John M. Padilla
OF COUNSEL
State Bar No. 00791395
S.D. Id. No. 19236
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown Street, Suite 110
Houston, Texas 77056
Telephone: (713)574-4600
Facsimile: (713)574-4601

ATTORNEYS FOR PLAINTIFFS DAVID E.
WILLIAMS-SMITH AND KIMBERLY BONNER,
INDIVIDUALLY AND AS NEXT FRIEND OF
JA'VONE FRANCIS BONNER AND KE'ANDRE
LENARD BONNER

By: /s/ Melvin Houston
Melvin Houston
ATTORNEY-IN-CHARGE
State Bar No. 00793987
S.D. Id. No. 20658
MELVIN HOUSTON & ASSOCIATES, P.C.
1776 Yorktown, Suite 600
Houston, Texas 77056
Telephone: (713) 212-0600
Facsimile: (713) 212-0290

Joel B. Flowers, III
State Bar No. 00796559
S.D. Id. No. 21688
THE JACKSON LAW FIRM
1776 Yorktown Street, Suite 600
Houston, Texas 77056
Telephone: (713) 212-0600
Facsimile: (866) 620-4378

ATTORNEYS FOR PLAINTIFF ISAAC RAMIREZ

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, Plaintiffs electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Mark J. Dyer
>Alan P. Moore
>MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
>Tollway Plaza I
>16000 N. Dallas Parkway, Suite 800
>Dallas, Texas 75248

>Arthur K. Smith
>Robert Ewert
>LAW OFFICES OF ARTHUR K. SMITH
>507 Prestige Circle
>Allen, Texas 75002

>Bruce C. Tough
>TOUGH LAW FIRM, PLLC
>819 Crossbridge Drive
>Spring, Texas 77373

>Chad W. Dunn
>BRAZIL & DUNN
>4201 FM 1960 West, Suite 530
>Houston, Texas 77068

>Melvin Houston
>Joel B. Flowers
>1776 Yorktown, Suite 600
>Houston, Texas 77056

/s/ John M. Padilla