UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID E. WILLIAMS-SMITH, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-10-590 |
| | § | |
| DESIGNERS EDGE, INC, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant Coleman Cable, Inc.'s ("Coleman") motion for summary judgment (Document No. 119) and the plaintiffs, David E. Williams-Smith and Kimberly Bonner, as next friend of Ja'Vone Francis Bonner and Ke'Andre Leonard Bonner, Isaac Ramirez and intervenors', Audrey Philpot, executrix of the Estate of Mark Blevins and Conrad Blevin, response to Coleman's motion (Document No. 153). After a careful review of the documents on file and consideration given to the arguments of counsel, the Court determines that Coleman's motion should be denied.

**II.**

A flash fire occurred, allegedly caused by a halogen work lamp, on January 28, 2010, while the plaintiffs, Williams-Smith and Ramirez were applying a primer, Chemlok 289, inside a tank. The fumes from the primer were volatile, and an explosion occurred when the halogen lamp, which was not explosion proof, ignited the fumes. The plaintiffs were burned and claim to suffer both physical and psychological injuries. A third employee, Blevin, also involved, died within a few days of the event. Williams-Smith suffered the greater harm as between himself and Ramirez. Allegedly, his burns are severe and cover over 90% of his body.

The halogen lamp, the subject of the plaintiffs' suit, was manufactured and/or sold by Designers Edge, Inc., a defendant in this case. The lamp, the subject of this suit, was distributed and/or sold by Home Depot U.S.A., Inc., also a defendant in this case. On December 21, 2010, the plaintiffs filed suit against the defendants at or about the time when Designers Edge was negotiating an Asset Purchase Agreement with Coleman. The Assert Purchase Agreement covered all of Designers Edge inventory and states that Coleman would not assume liability for current or ongoing claims against Designers Edge, including any liability that might result from the plaintiffs' suit.

### III.

The dispute at the center of Coleman's motion for summary judgment is what state law should apply to this case; *i.e.,* Texas, Illinois or Washington. The Asset Purchase Agreement addresses "governing law" in Section 16.8 and, Coleman contends, governs this case. Section 16.8 provides, "The validity, interpretation and effect of this Agreement shall be governed exclusively by the State of Illinois, excluding the 'conflict of law' rules thereof." Therefore, Coleman asserts that Illinois law should apply to the plaintiffs' suit. Alternatively, Coleman argues that, because the plaintiffs brought suit in Texas, Texas law should apply. Under either Illinois law or Texas' choice of law applications, the plaintiffs cannot state a products liability cause of action against Coleman as a successor owner of the lamp under the "product line exception."

The product line exception permits successors' liability for asset purchases in discrete situations. Coleman contends that: (a) Texas law applies because the alleged tort occurred in Texas; (b) Illinois law potentially applies because that state's law was chosen to govern the affairs of the parties to the Asset Purchase Agreement; and (c) even if the law of Washington

2

applies, the mere purchase of the assets of Designers Edge, a Washington corporation, does not make the purchaser a successor to "unbargained--for debts and liabilities of the selling corporation," citing as authority *Fox v. Sunmaster Products, Inc.*, 63 Wash. App. 561, 569 (1991), *review denied*, 118 Wash. 2d 1029 (1992); *Hall v. Armstrong Cork, Inc.*, 103 Wash. 2d 258, 261-62 (1984).

### IV.

The plaintiffs and intervenors argue that the Asset Purchase Agreement actually purchased "'the [entire] business of Designers Edge' leaving no more than a corporate shell remaining." And, after the purchase, Designers Edge ceased to exist "as a condition of the sale of its assets." Because Coleman was fully aware of the plaintiffs' suit during negotiations with Designers Edge, and because it essentially swallowed the assets and goodwill of Designers Edge, leaving substantial liabilities on Designers Edge, the product line exception should apply to this case. The plaintiffs and intervenors also argue that as between the states of Illinois and Washington, the state of Washington has a greater interest in the resolution of the successor liability issue before the Court.

Continuing, the plaintiffs and intervenors point out that because the state of Illinois does not recognize an exception to the successor liability as a general rule, its law offends the law of the states of Washington and contravenes Section 187 of the Restatement (Second) of Conflicts of Law. Section 187(2)(b) states in part the following:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . . (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

In further argument, the plaintiffs and intervenors argue that, even if Illinois law were to apply, summary judgment must be denied because the Asset Purchase Agreement amounts to a *de facto* merger between Designers Edge and Coleman. They proffer that the asset sale by Designers Edge was conducted for "the fraudulent purpose of [Designers Edge] escaping its obligations [to the plaintiffs and intervenor], 'particularly in light of the way that part of the sale proceeds was handled.'"

Next, the plaintiffs and intervenors argue, Designers Edge's "principal and employees continued conducting business at its Washington facility primarily in connection with facilitation and the transfer of customer, specifically nurturing the relationship that Designers Edge enjoyed with Home Depot. Finally, the plaintiffs and intervenors argue that all of the Restatement factors favor application of the law of the state of Washington in that Washington has the most significant relationship to the dispute concerning Coleman's liability. Hence, the plaintiffs and intervenors argue that irrespective of where an injured party might bring his suit, courts must look to the law of the state chosen by the contracting parties in determining which state's law should apply.

## V.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative,

4

summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## VI.

The Court is of the opinion that Coleman's motion for summary judgment must be denied for the reasons stated hereafter.  Coleman and Designers Edge entered into an Asset Purchase Agreement that acknowledged that the plaintiffs and intervenors were suing Designers Edge on allegations that its lamp was the cause of their, the plaintiffs and intervenors', injuries.  And, during negotiations, the parties included a section in the Agreement that chose the law of the

state of Illinois as the law that would govern the disputes concerning the sale of the product. *See* [Asset Purchase Agreement, section 16.8]. It is undisputed that Designers Edge was incorporated under the laws of the state of Washington and Coleman was incorporated under the laws of the state of Delaware.

Under other circumstances, the law of the state of Illinois might govern affairs between Designers Edge and Coleman. However, the law of Illinois, as a general rule, does not recognize a "product line" exception to the general rule against purchaser liability. *See Vernon v. Schuster*, 179 Ill. 2d 338, 345 (Il. 1997). While the law of Illinois recognizes exceptions to the general rule, a "product line" exception is not one of the four. *See Steel Co. v. Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241, 248 (Il. App. Ct. 1996)(internal citations omitted). Hence, the law of Illinois is contrary to the law of the state of Washington. Moreover, it is contrary to the law of the state of Texas. Therefore, as between Designers Edge and Coleman, the question of which state's law applies is determined by application of Texas' choice of law. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984); *see also Webb v. Rogers Machinery Mfg. Co.*, 750 F.2d 368, 373 (5th Cir. 1985).

Texas follows the Restatement (Second) of Conflict of Laws, and in particular Section 188. *See Guitierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979). Following this precedent, the Court determines that the state of Washington has the most significant relationship to the contract and the dispute at hand. Coleman does not dispute the plaintiffs and intervenor's proffer that: (a) Designers Edge is headquartered and incorporated, at the relevant time, in the state of Washington; (b) the assets, the subject of the Asset Purchase Agreement, were located in the state of Washington; (c) Designers Edge's shareholders and founder reside in the state of Washington; (d) agents of Coleman traveled to the state of Washington to inspect products and

6

inventory.  Finally, Designers Edge principals executed the Agreement in the state of Washington.  Hence, it is the Court's view that the state with the most significant relationship or contact is the state of Washington.

Therefore, the Court is of the opinion that Coleman's motion for summary judgment should be denied.  Significant questions of fact, as it relates to whether the "product line" exception applies, remain.

It is so ORDERED.

SIGNED at Houston, Texas this 10th day of April, 2012.

_____
Kenneth M. Hoyt
United States District Judge